PEDRO JUAN BARBOSA, EDUARDO LÓPEZ TIZOL, EDUARDO E. AL-VAREZ, JUAN GONZÁLEZ DÍAZ, CELESTINO LÓPEZ PÉREZ, JOSÉ MARTÍNEZ DÁVILA, RAFAEL PIETRANTONI, ANTONIO RIBOT, JOSÉ S. BELAVAL, Plaintiffs and Appellants, *v.* EDUARDO ACUÑA-AYBAR, JOSÉ RAMÍREZ SANTIBÁÑEZ, ALFREDO GÁM-BARO, VICENTE ALCARAZ, FRANCISCO VELÁZQUEZ, JUAN SIE-RRA, LEANDRO LÓPEZ DE LA ROSA, JOSÉ G. TORRES, JUAN PEDROSA, ENRIQUE ADSUAR, Defendants and Appellees.

No. 2970. Argued March 27, 1925.—Decided August 1, 1925.

First District Court of San Juan, Charles E. Foote, J. Judgment for the defendants in an election contest. *Reversed.*

*Eduardo López Tizol, Leopoldo Feliú* and *José Martínez Dávila* for the appellants. *Rafael Rivera Zayas, Juan de Guzmán Benítez* and *Celestino Iriarte, Jr.,* for the appellees.

BY THE COURT:

WHEREAS, This is a proceeding brought under the Act providing for the contest of elections of March 7, 1906, to contest the election of certain municipal officers of San

Juan who were elected at the general election held on November 2, 1920;

WHEREAS, The complaint was filed on March 19, 1921, the transcript of the record was filed in this court by the plaintiff-appellants on October 27, 1923, and the hearing on appeal, after various continuances by agreement of both parties, was not held until March 27, 1925, when the question to be decided served no practical purpose because on November 4, 1925, there was another election and the officials against whom the complaint was filed had ceased to hold office because of the election of others, as admitted by the parties at the hearing;

WHEREAS, The parties argued the case only as to the allowance of costs against the plaintiffs, discussing consequently some of the fundamental questions relative to the merits of the judgment for the purpose of leading to a determination of whether or not the appellants were guilty of temerity in prosecuting their action and whether or not the lower court had any basis for imposing the costs;

WHEREAS, The principal question decided, to which the parties limited their argument, was based principally on certain ballots cast by the electors, which to be admissible in evidence should be shown as a preliminary matter as having been kept and guarded according to law and identified as the true ballots cast, as the general rules of jurisprudence require in this kind of cases, the plaintiffs having introduced oral evidence which was contradicted by the defendants with oral and expert evidence and the lower court having decided the conflict by denying their admission in evidence because the ballots had been tampered with;

WHEREAS, Although the appellants have attempted to show a difference between the competency of the ballots and their probatory weight in the sense that to render them admissible it sufficed to show that they had been kept and guarded according to law, any other opposition to refer only to their probatory weight, the fact is that the appellants ad-

mitted that the probatory weight of the evidence introduced by both parties was determined, wherefore said appellants can not complain that the lower court refused to admit the ballots because it concluded that they had been tampered with;

WHEREAS, In this case we are not absolutely without doubt as to whether expert witness Osborn sufficiently showed the falsification of the ballots introduced and the opinion of the trial court leaves in doubt the fact of whether it followed in part the opinion of the said expert, being inclined, however, to respect the opinion of the court with regard to the falsity of the ballots introduced in evidence and would not have reversed the judgment on that ground;

WHEREAS, On the other hand, it makes it entirely impossible for us, with this doubt in our minds and the showing by an expert having been necessary, to see the temerity of the plaintiffs;

WHEREAS, Perhaps if this had been an action brought by the Republican Party and the falsity of the ballots had been shown, then the Republican Party might be liable for the acts of its duly authorized agents if that agency had been shown;

WHEREAS, This is, however, an action brought by Pedro Juan Barbosa and others and it was not shown that in the handling of the ballots they were the authorized agents of the Republican Party and there was no proof that they had any participation in or knowledge of the alleged frauds or forgeries;

THEREFORE, No justification for the imposition of costs being found, the judgment appealed from should be and is reversed.

Mr. Justice Aldrey dissented.

DISSENTING OPINION OF MR. JUSTICE ALDREY.

A majority of this court reversed the judgment of the

lower court in this action, in so far as it imposed the costs on the plaintiffs, for the following reasons:

"   ❋        ❋        ❋        ❋        ❋        ❋        ❋

"WHEREAS, In this case we are not absolutely without doubt as to whether expert witness Osborn sufficiently showed the falsification of the ballots introduced and the opinion of the trial court leaves in doubt the fact of whether it followed in part the opinion of the said expert, being inclined, however, to respect the opinion of the court with regard to the falsity of the ballots introduced in evidence and would not have reversed the judgment on that ground;

"WHEREAS, On the other hand, it makes it entirely impossible for us, with this doubt in our minds and the showing by an expert having been necessary, to see the temerity of the plaintiffs;

"WHEREAS, Perhaps if this had been an action brought by the Republican Party and the falsity of the ballots had been shown, then the Republican Party might be liable for the acts of its duly authorized agents if that agency had been shown;

"WHEREAS, This is, however, an action brought by Pedro Juan Barbosa and others and it was not shown that in the handling of the ballots they were the authorized agents of the Republican Party and there was no proof that they had any participation in or knowledge of the alleged frauds or forgeries;

"THEREFORE, No justification for the imposition of costs being found, the judgment appealed from should be and is reversed."

I have dissented from that decision because, the majority of the court being in doubt as to whether expert witness Osborn sufficiently showed the falsification of the ballots introduced in evidence by the plaintiffs, they should have sustained the imposition of costs by the lower court because of that uncertainty, especially when they say that they would not have reversed the judgment on that ground. Moreover, the fact that the calling of an expert was necessary to prove a falsification is not a reason for not finding temerity in the party who offered the document found to have been falsified, and the majority's rule having been laid down in that respect, it would not be possible to consider temerarious a party who based his right on documents found to be falsified.

As regards the other ground for reversal, be it considered the main or the only one, I will say that there is no sufficient reason for reversing the imposition of costs in the fact that the action had not been brought by the Republican Party, but by persons who in handling the ballots had not been shown to be the authorized agents of the Republican Party and that there was no evidence that the plaintiffs had any connection with or knowledge of the alleged frauds or falsifications, because the falsification or fraud is not supposed but declared by a judgment which the majority of the court say should have been affirmed in that particular, and because the fact that the action was not brought by the Republican Party, but by some of its members, does not seem to me to be a sufficient ground for reversing the imposition of costs, because although the action was brought by some persons and not by the Republican Party, the benefit of the suit would have been received by it rather than by the persons affiliated with that party who brought the action. I believe that no one will doubt that if the plaintiffs had won the suit the benefits would have accrued to the Republican Party rather than to the persons who brought it, because the Republican Party would have obtained the municipal government of San Juan, and it was of no importance who were the persons to represent that party, for which reason, if to obtain that benefit for the Republican Party the plaintiffs introduced in evidence ballots that have been declared falsified, I understand that they were properly mulcted in costs, although the Republican Party as such was not the plaintiff and although it has not been shown who falsified the said ballots or that the plaintiffs had knowledge of that falsification, because if those ballots had not been found to be falsified, the Republican Party and the plaintiffs would have obtained the favorable result they hoped to obtain from that evidence.

But independently of those questions, I understand that even if the majority of the court are right in the grounds

for their decision, they should not have reversed the judgment as to the imposition of costs, because there are other reasons to sustain it, inasmuch as in refusing to admit in evidence the said ballots offered by the plaintiffs and in holding that they had been tampered with, after saying that although the law was not strictly complied with by closing the sacks wherein the ballots were kept with security locks with two keys, one to be kept by the Superintendent of Elections and the other by the president of the local board of elections, the lower court believed that the law had been substantially complied with by the use of patented Sargent padlocks; and after saying that the wrapper of the package that contained the ballots was torn at one end from the corner to the center where the cord that tied it was and that the wax thereon had no seal or distinctive mark, it held that it would not give any credit to the testimony of Republican inspector Rodríguez, a witness for the plaintiffs; that the Republican secretary and challenger did not testify, but that those of the Unionist Party did testify positively, and that aside from Mr. Osborn's testimony there are the reasons that he gave, the demonstrations that he made and the careful examination made by the court of the disputed ballots which, connected with all of the evidence in the case, led the lower court to the conclusion mentioned.

As is seen, the lower court based its judgment, among other things, on not having believed the testimony of the plaintiff's witness, inspector Rodríguez; in that they did not offer the testimony of the Republican secretary and challenger; in having given credit to the defendants' witnesses, and in its careful examination of the ballots. This being so, the imposition of costs was warranted on the plaintiffs' lack of evidence, independently of the failure to show that they falsified the ballots or that they had knowledge of that fact, in spite of which the judgment is reversed notwithstanding the fact that this court has repeatedly held that a judgment should not be reversed when it is supported on

some ground, and in spite of the fact that the law leaves to the trial court's discretion the weighing of the temerity of the litigants for the imposition of costs and that on many occasions we ·have said that we will not interfere with the exercise by the lower court of that discretion unless a clear abuse of that discretional power is shown, which does not appear to have been justified in the decision from which I dissent.